IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GARY DAVID KISSNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-0617-JLF |
| ) | |
| **DARRELL STEPHENSON, individually and in** ) | |
| **his capacity as Chairman of the Wayne County** ) | |
| **Board; DONNA VAUGHN, individually and in** ) | |
| **her capacity as Wayne County Treasurer; and** ) | |
| **COUNTY OF WAYNE, an Illinois body politic,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Before the Court is plaintiff's motion to remand (Doc.7). Defendants have filed a response, (Doc.10), and plaintiff has filed a reply (Doc.15). This motion is discussed below.

**I.    Background.**

The following allegations are from plaintiff's complaint. Plaintiff was employed as a police officer at the Sheriff's Office in Wayne County, Illinois. On or about August 24, 2004, plaintiff became ill and was unable to work. Due to his illness, plaintiff submitted medical claims to his employer's health insurer. Shortly thereafter, defendants terminated plaintiff's employment and allegedly deprived him of his employee health insurance benefits.

On August 25, 2005, plaintiff filed suit in the Circuit Court in Wayne County, Illinois. Specifically, plaintiff filed a complaint which stated that defendants' actions were in violation of "Plaintiff's contract rights, the due process clauses of the 14th Amendment to the U.S.

Constitution and of the Ill. Const. Art. 1 § 2 (1970), state statutes (including, without limitation, 730 ILCS 125 . . .), 42 U.S.C. § 1983, and other legal provisions . . .". (Doc.9, Exh. 1, p.3).

Defendants responded to plaintiff's complaint by filing a motion to dismiss based on the fact that the complaint was vague and ambiguous as to the causes of action that plaintiff was pursuing. The Wayne County Circuit Court granted defendants' motion to dismiss.

On July 21, 2006, plaintiff filed an amended complaint. Plaintiff's amended complaint contains six counts for violations of: the Illinois Constitution (Count I), the United States' Constitution (Count II), 820 ILCS 45 (Count III), 215 ILCS 5/367h (Count IV), 42 U.S.C. § 1983 (Count V), and for tortious interference with plaintiff's contractual rights (Count VI).

On August 8, 2006, defendants filed a notice of removal based on federal question jurisdiction. Plaintiff's motion to remand is discussed below.

## II.     Discussion.

As noted by plaintiffs, defendants have failed to file their notice of removal within the required thirty (30) days. Specifically, 28 U.S.C. § 1446(b) states that:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . .

*28 U.S.C. § 1446(b).*

Defendants rely on *Bezy v. Floyd County Plan Com'n*, 199 F.R.D. 308 (S.D.Ind.2001), to support their position that removal was timely. In *Bezy*, however, the plaintiff's original complaint alleged merely that the defendant had violated plaintiff's "constitutional rights."

*Bezy* found that the initial complaint did not specify whether the phrase "constitutional rights" referred to the United States Constitution or the Constitution for the State of Indiana. *Bezy*, 199 F.R.D. at 311. Thus, according to *Bezy*, plaintiff's original complaint did not contain a properly pleaded federal claim. *Bezy*, 199 F.R.D. at 311. Here, in contrast, plaintiff's original complaint clearly states at least two federal causes of action, (i.e., one under the "due process clauses of the 14th Amendment to the U.S. Constitution," and one under "42 U.S.C. § 1983."). Plaintiff filed his original complaint on August 25, 2005, yet defendants did not file their notice of removal until August 8, 2006, well after expiration of the required thirty (30) day period. Accordingly, defendants' notice of removal is untimely, and plaintiff's motion to remand is granted.

### III.   Summary.

Based on the above, plaintiff's motion to remand, (Doc.7), is **GRANTED.** Plaintiff's request for costs and attorneys' fees is denied. The pending motion to dismiss, (Doc.11), is **MOOT**. This cause is **REMANDED** to the Circuit Court of Wayne County, Illinois, pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is **DIRECTED** to send a copy of this Order to the Clerk of the Circuit Court of Wayne County, Illinois.

**IT IS SO ORDERED.**               *s/ James L. Foreman*
**DATED:** November 15, 2006.        **DISTRICT JUDGE**